**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFI HOVAGIMIAN, DBA Paradise Banquet Hall and Restaurant, Inc., Plaintiff-Appellant, v. MAXUM CASUALTY INSURANCE COMPANY, a Connecticut corporation; et al., Defendants-Appellees. | No. 22-55358 <br><br> D.C. No. 2:21-cv-08364-MWF-AFM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted April 10, 2023**
Pasadena, California

Before: W. FLETCHER, BERZON, and MILLER, Circuit Judges.

Plaintiff-Appellant Rafi Hovagimian dba Paradise Banquet Hall &

Restaurant, Inc. ("Hovagimian") appeals from the district court's order granting

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendants-Appellees Maxum Casualty Insurance Company and Maxum Indemnity Company's ("Maxum") motion to dismiss this action contesting Maxum's denial of insurance coverage. We affirm.

Policyholder Hovagimian seeks coverage under its insurance policy with Maxum for COVID-19 related economic losses. The virus exclusion provision of Maxum's insurance policy bars coverage for Hovagimian's alleged losses. The exclusion provides that Maxum "will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." The exclusion applies to "all coverage under all forms and endorsements" of the policy. Hovagimian argues that the exclusion does not preclude recovery because (1) the COVID-19 virus is not the type of virus to which the exclusion applies; (2) the policy includes a "virus" as opposed to a "pandemic" exclusion and COVID-19 is a pandemic; and (3) government stay-at-home orders, not COVID-19, was the predominant cause of Hovagimian's losses.

1. Hovagimian contends that the word "virus" in the exclusion should be interpreted "narrowly to apply to a . . . hazardous and or industrial pollution context" and not COVID-19, because of the words "pollutant," "hazardous material," "toxin," and others "accompanying 'virus'. . . in the exclusion." The provision defining the policy's virus exclusion contains, however, no such words.

Moreover, California insurance law looks to the plain meaning of terms, or "the meaning a layperson would ordinarily attach to [a term]." *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 18 (1995). COVID-19 is a virus "that induces or is capable of inducing physical distress, illness or disease," so the exclusion encompasses the COVID-19 virus.

2. Hovagimian also argues that Maxum could have included an exclusion for loss or damage caused by or resulting from a "pandemic" as opposed to a "virus" and that, because Maxum did not, the parties did not intend for the virus exclusion to apply to loss or damage caused by the COVID-19 pandemic. Where the text is "clear and explicit," the language of the insurance contract governs. *Pardee Const. Co. v. Ins. Co. of the West*, 77 Cal. App. 4th 1340, 1352 (2000). Because the language of the exclusion is clear and explicit, the plain language controls and the exclusion encompasses the COVID-19 virus. Moreover, we agree that "[a]rguing that the Virus Exclusion does not apply to bar coverage for losses stemming from the COVID-19 pandemic . . . is akin to arguing that a coverage exclusion for damage caused by fire does not apply to damage caused by a very large fire." *Disc. Elecs., Inc. v. Wesco Ins. Co.*, No. 22-55133, 2023 WL 2009935, at *2 (9th Cir. Feb. 15, 2023) (internal quotation marks and citation omitted).

3. Finally, Hovagimian argues that government orders—not the COVID-19 virus—predominantly caused its losses, or at least that the predominant cause of

3

Hovagimian's losses is a question of fact. The district court correctly rejected this argument.

In California, "where there is a concurrence of different causes, the efficient cause—the one that sets others in motion—is the cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster." *Mudpie, Inc. v. Travelers Cas. Ins. of Am.*, 15 F.4th 885, 894 (9th Cir. 2021) (quoting *Sabella v. Wisler*, 59 Cal.2d 21, 31-32 (1963)). Coverage does not exist if "an excluded risk was the efficient proximate (meaning predominant) cause of the loss." *Id.* (quoting *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal. 3d 395, 402–03 (1989)).

*Mudpie* involved the same virus exclusion at issue here, and the insured made a similar "efficient cause" argument, claiming that government orders, rather than the virus itself, were the most direct cause of its losses. 15 F.4th at 893–94. We rejected that argument, holding that the insured did "not plausibly allege that 'the efficient cause,' i.e., the one that set others in motion . . . was anything other than the spread of the virus throughout California, or that the virus was merely a remote cause of its losses." *Id.* at 894 (citing *Sabella*, 59 Cal.2d at 31-32). Because Hovagimian fails to distinguish the instant policy from that at issue in *Mudpie*, *Mudpie* controls. The virus exclusion therefore precludes recovery for Hovagimian's losses caused by the COVID-19 virus, including losses caused by

4

subsequent government orders responsive to the virus.

Because the virus exclusion bars coverage for all claims, we do not address Hovagimian's remaining arguments regarding coverage.

**AFFIRMED.**